UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT JANUARY,

                                    Plaintiff,

        v.

MARY KEPPLER, *et al.*,

                                    Defendants.

No. C09-5459 BHS/KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR:  May 14, 2010**

        This civil rights action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Robert

January advises the court that he no longer wishes to pursue this action.  Dkt. 23.   Defendants

have not filed a response to the motion.  Accordingly, the undersigned recommends that this

action be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

*DISCUSSION*

        Mr. January's application to proceed *in forma pauperis* was granted on September 1,

2009.  Dkt. 4.  On the same day, the Court directed service of Plaintiff's civil rights complaint.

Dkt. 7.  On September 14, 2009, Defendants Keppler, Andrews, Eickerman and Hopfner filed an

answer to the complaint.  Dkt. 10.  There is no counterclaim included in Defendants' answer.  *Id.*

On September 21, 2009, the court issued its Pretrial Scheduling Order.  Dkt. 11.  On March 9,

2010, Defendants Keppler, Andrews and Hopfner filed a motion to dismiss on the grounds that

Plaintiff failed to exhaust his administrative remedies.  Dkt. 17.  A motion to dismiss on these

REPORT AND RECOMMENDATION - 1

grounds would normally be without prejudice.  *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir. 2002).  However, Defendants argue that Plaintiff did not and cannot now "properly" exhaust and, therefore, his claims should be dismissed with prejudice.  *Woodford v. Ngo,* 548 U.S. 81, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006).  On March 15, 2010, Defendant Eickerman filed a motion to dismiss with prejudice, on the grounds that Plaintiff failed to exhaust his administrative remedies and for failure to state an Eighth Amendment claim against Dr. Eickerman.  Dkt. 20.  The court has not ruled on the motions to dismiss.

Mr. January filed his motion/notice for voluntary dismissal on March 18, 2010 based on Rule 41(a)(1), claiming that a voluntary dismissal without prejudice is appropriate because no defendant had yet filed an answer or motion for summary judgment.  Dkt. 23.  However, as the Defendants have filed an answer, the court re-noted Plaintiff's motion/notice for voluntary dismissal for April 9, 2010.  Defendants did not file a response to Plaintiff's motion/notice for voluntary dismissal.

Under Rule 41(a)(1), a plaintiff may dismiss an action without court order either by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal is signed by all parties who have appeared.  Fed.R.Civ.P. 41(a)(1).  Rule 41(a)(2) provides, in pertinent part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ. P. 41(a)(2).

REPORT AND RECOMMENDATION - 2

Defendants have filed no counterclaims.  Dkt. 10.  Defendants have filed no opposition to Mr. January's motion/notice to voluntarily dismiss his claim and his request that his lawsuit be dismissed without prejudice.

*CONCLUSION*

The Court should dismiss this action without prejudice.  This report and recommendation then moots the Defendants' motions to dismiss (Dkts. 17 and 20) and the motions should be **STRICKEN** from the court's docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 14, 2010**, as noted in the caption.

DATED this  15th   day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3